Charles WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–00540–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 12, 1992.

C. Kent Hargis, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, SEARS and DAUGHN, JJ.

## OPINION

SEARS, Justice.

Charles Williams appeals from a conviction for delivery of a controlled substance, namely cocaine. Appellant pled not guilty to the charge and the case was tried before a jury. Upon a finding of guilty, and true to two enhancement paragraphs, punishment was assessed at seventy-five years confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm.

On March 10, 1989, Officers Carl Chaney and Norman Frileaux of the Houston Police Department entered into a transaction to purchase a controlled substance. The police went to a particular location in response to complaints that numerous drug transactions occurred there. Upon arriving at the location, the officers saw a man, Douglas Parks, on his bicycle at the corner. Officer Chaney asked Parks if he had a "ten," referring to $10.00 worth of crack cocaine. Soon thereafter, another vehicle pulled up at the corner with appellant sitting in the passenger seat. Parks flagged down the car. Parks took $10.00 from Officer Chaney, walked over to appellant, and appeared to take something from appellant's hand as he handed appellant the ten dollar bill. Parks then returned to Officer Chaney and handed him a rock of crack cocaine.

After appellant left the scene, the officers began following the vehicle and they relayed a description of appellant and the vehicle to an arrest team. A description of Parks was also given to the arrest team and Parks was arrested. The driver of the vehicle drove by Parks, saw his arrest, and sped away in an erratic manner. A patrol unit stopped the vehicle, then the arrest team arrived and arrested appellant. Officer Chaney later identified appellant as the individual involved in the drug transaction, and identified Parks as the man who he initially approached at the corner.

■ In the first two points of error, appellant contends that the evidence was both legally and factually insufficient to support the conviction. He contends the state failed to establish that the appellant ever delivered any controlled substance. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex.Crim.App. 1988). We must determine whether a rational trier of fact could have found all of the essential elements of the crime beyond

a reasonable doubt. *Id.* This standard is the same for both direct and circumstantial evidence. The jury is free to accept or reject any or all the evidence presented by either side. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982).

Viewing the evidence in the proper light, a rational juror could find that Parks exchanged Officer Chaney's money for a rock of crack cocaine. Officer Chaney observed Parks flag down appellant's vehicle and give the marked money to appellant. Officer Chaney testified that he saw appellant hold out a cupped hand and appear to "pour" something into Parks' hand. The officer also testified that Parks then kept one hand cupped and only had the other hand on the handle bars of the bicycle. Between the time Parks met with appellant, and the time he returned to Officer Chaney's vehicle, Parks never put his hands in his pockets or picked anything up off the ground. There was only five to ten seconds between the time Parks dealt with appellant until Parks handed Chaney the rock of cocaine. We hold the evidence was sufficient to find beyond a reasonable doubt all of the elements of delivery of a controlled substance. The first two points of error are overruled.

Appellant asserts in the third and fourth points of error that the trial court improperly permitted Officer Chaney to testify as to his opinion concerning appellant. The rules of evidence allow a person to offer an opinion as a lay witness if based on the perception of that person, and if helpful to a clear understanding of his testimony or the determination of a fact in issue. Tex.R.Crim.Evid. 701. Also, opinion testimony by an expert may be given if the scientific, technical, or specialized knowledge will assist the trier of fact. Tex. R.Crim.Evid. 702. Further, an opinion is not inadmissible merely because it embraces an ultimate issue. Tex.R.Crim.Evid. 704.

Officer Chaney testified that as a member of the Tactical Response Unit, he has witnessed hundreds of narcotics transactions. The officer also testified that he could recognize a narcotics transaction when he sees one. Finally, Officer Chaney opined that appellant's actions were consistent with a narcotics transaction. Specifically, the officer stated that Parks approached appellant, stuck out his right hand containing Chaney's money and held out his left hand in a cupped position. Appellant then placed his right hand directly on top of Parks' left hand, appeared to pour something into the cupped hand, and then grabbed the money from Parks' right hand. Using his past experience and training in detecting narcotics transactions, Officer Chaney explained what that scenario meant. The actions, which may appear to be normal to an unexperienced person, were interpreted by the officer to be a drug transaction. We find that Officer Chaney's opinion testimony was properly admitted. Appellant's third and fourth points of error are overruled.

In his fifth point of error, appellant contends that the trial court erred in overruling appellant's objection to the state's jury argument. Specifically, appellant argues that the prosecutor's statement that Officer Chaney knew a drug deal when he saw one, was improper bolstering. During the state's argument to the jury, the prosecutor reiterated Officer Chaney's testimony and said:

> Mr. Chaney testified that he had been with the Houston Police Department for nine years. For two and a half of those years, he's been working undercover narcotics. He testified that the actions of the defendant were clearly consistent with a narcotics transaction.
>
> I want you to keep that in mind when you go back there. Officer Chaney knows a drug deal when he sees one because he does it for a living. He makes undercover purchases.

Appellant made a timely objection and it was overruled. There are four permissible areas of prosecutorial argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Crim.App. 1990). A statement made during the argu-

ment to the jury must be analyzed in light of the entire argument, and not on isolated sentences. *Drew v. State*, 743 S.W.2d 207, 220–21 (Tex.Crim.App.1987). Even if improper, a statement does not constitute reversible error unless it was "extreme or manifestly improper, violative of a mandatory statute, or injected facts, harmful to the accused into the trial proceedings." *Id.* at 221.

Officer Chaney testified that he had witnessed hundreds of narcotics transactions and knew one when he saw one. Chaney further testified that his duties as part of the Tactical Response Unit were to purchase illegal narcotics. While the prosecutor's statements arguably appear to be bolstering Officer Chaney's credibility, we do not find these statements rise to reversible error. The prosecutor basically repeated the officer's testimony. Appellant's fifth point of error is overruled.

In points of error six, seven, and eight, appellant asserts that the trial court committed fundamental and constitutional error by instructing the jury on the existence of good conduct time and parole in determining the appellant's sentence. Specifically, he contends that the instruction was not authorized by constitutional amendment, that it violates his right to due course of law, and it violates the doctrine of the separation of powers. After instructing the jury on the parole law and the possibility of good conduct time, the court instructed the jury as follows:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Appellant bases his argument against the jury instruction on the holding in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App. 1987). Further, he urges that the 1989 amendment to the Texas Constitution "created an inherent and irreconcilable conflict between the executive and judicial branches of government." In *Rose*, the court

stated that consideration of parole in assessing punishment was an evil to be avoided. That court also found article 37.07 as violative of a defendant's right to due course of law and that it violated the separation of powers doctrine. *Id.* at 535. However, *Rose* was overturned by a 1989 constitutional amendment which provided:

> The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

TEX.CONST. art. IV, § 11(a).

Article 37.07 was re-enacted effective November 7, 1989 and now meets the constitutional requirements of article IV, section 11(a). TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1990). This Court has held that the amendment to article 37.07, section 4 eliminates the applicability of Rose to cases tried after its date. *Johnson v. State*, 800 S.W.2d 563, 567 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). Appellant's trial began in June of 1990. Therefore, his case is governed by both the constitutional amendment and the new version of article 37.07. *See Edwards v. State*, 807 S.W.2d 338, 341 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). The jury instruction as to parole and good conduct time was proper and did not violate appellant's constitutional rights. Nor does such an instruction exceed the scope of the amendment. *Bruno v. State*, 812 S.W.2d 56, 60 (Tex.App.—Houston [14th Dist.] 1991, pet. granted). Appellant's last three points of error are overruled.

For the reasons stated above, the judgment of the trial court is affirmed.