Roger C. LIGHTNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–92–034–CR.

Court of Appeals of Texas, Texarkana.

Nov. 10, 1992.

John Tatum, Dallas, for appellant.

Sandy Leeds, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Roger Lightner appeals his conviction for burglary of a vehicle. He was tried before a jury and assessed punishment of thirty-five years' imprisonment.

Lightner brings two points of error in which he argues that the trial court erred in allowing the State to use its peremptory challenges to strike members of minorities from the jury panel and in refusing to give his requested jury charge on the defense of necessity.

The evidence showed that Lightner was arrested by a Dallas Police Department detective who was working off duty as a guard at an office building. The officer's duties included escorting employees to their cars after work and guarding the parking lot. The officer saw Lightner get into a Ford Tempo automobile that he knew belonged to a woman who worked in the building. When the officer reached the car, he saw that Lightner had opened the glove box and was removing cassette tapes. He then arrested Lightner.

Lightner testified that he had been a "squatter," or street person, for about a year, and that he had not eaten for a day. He testified that he entered the car because he was hungry and saw what looked like a food bag on the car floor. He picked up a brown paper bag from the floorboard that contained a styrofoam coffee cup and napkins, and took cassette tapes from the glove box. Lightner does not contend that the evidence is inadequate to support the verdict in any respect.

■ Lightner first contends that the trial court improperly allowed the State to use its peremptory challenges to strike members of minorities from the jury panel contrary to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

When there is a prima facie showing of racial discrimination, a fact finding process is initiated before the trial court. The State must articulate reasons for challenging the minority members. Because the trial judge can evaluate the credibility of the witnesses at a *Batson* hearing, a reviewing court must view the record in the light most favorable to the court's ruling. We will not disturb that ruling unless it is clearly erroneous. *Harris v. State*, 827 S.W.2d 949, 955 (Tex.Crim.App.1992); *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). The explanations given by the State must provide race-neutral reasons for strikes of minority panel members.

The State struck four of the five panel members who were black. Lightner's counsel complained about three of those strikes, noting that three of the four panel members had expressed no opinion during voir dire which would have given rise to any objection by the State. The State's counsel explained that his computer information had revealed that two of the three members had received deferred adjudication for criminal offenses and that the third had a misdemeanor theft case filed against her which had later been dismissed. The prosecutor stated that he struck all three of the panelists because they were the only ones on the panel who had criminal records or charges filed against them.

■ The reasons given by the State are race-neutral. There is nothing in the record to impugn the prosecutor's credibility in making these statements or to show that his purported reasons were pretextual. Thus, the trial court's ruling was not erroneous.

Lightner next contends that the trial court erred by overruling his requested jury charge on the defense of necessity. He suggests that his hunger constituted a necessity.

The justification of necessity is set forth at TEX. PENAL CODE ANN. § 9.22 (Vernon 1974):

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing (sic) the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

This section is a codification of the common-law defense of necessity, which recognizes that in some situations actions which would otherwise constitute a crime are justified.

■ An instruction on any defensive theory must be given whether the evidence supporting the theory is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about its credibility. *Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App.1991). This general theory applies to the justification of necessity. *Armstrong v. State,* 653 S.W.2d 810 (Tex.Crim.App. [Panel Op.] 1983).

■ In the present case, Lightner testified that he was hungry and was looking for food and that it had been about a day since he had last eaten. Although this testimony demonstrates Lightner's motive in breaking into the vehicle, it does not show that his actions were reasonably necessary to avoid *imminent harm* to himself. Thus, Lightner failed to meet the terms of the statute. The evidence is clearly insufficient to require the requested defensive charge on necessity.

The judgment of the trial court is affirmed.