11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Maurice Newman

Appellant

Vs.                   No.
11-01-00066-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant of murder and assessed his punishment at confinement for 18
years and a fine of $5,000.  Appellant
appeals after having been granted an out-of-time appeal by the Texas Court of
Criminal Appeals.  We affirm.  

In his
first point of error, appellant asserts that he should be granted a new trial
because a portion of the reporter=s record was lost or destroyed through no fault of his own.

Eva Ann
Walding, the Official Court Reporter for the 194th Judicial Court of Dallas
County, filed an affidavit stating that, during appellant=s trial in March of 1993, she had a battery
failure in her court-reporting machine at the end of the State=s argument during the punishment stage of the
trial.  Walding stated that, even though
the machine failed to work properly, the record was still reported on the paper
tape of the machine.  The paper notes
were filed with the district clerk=s office.  However, when the
case was appealed, and Walding attempted to retrieve the paper notes for the
missing portion of the argument, she was unable to locate the particular
notes.  She stated in her affidavit that
she has no way of preparing the missing portion of the statement of facts.

TEX.R.APP.P.
34.6(f) provides:

(f)
Reporter=s Record Lost or Destroyed.  An appellant is entitled to a new trial
under the following circumstances:

 

(1) if the
appellant has timely requested a reporter=s record;

 








(2) if,
without the appellant=s
fault, a significant exhibit or a significant portion of the court reporter=s notes and records has been lost or
destroyed orBif the proceedings were electronically
recordedBa significant portion of the recording has
been lost or destroyed or is inaudible;

 

(3) if the
lost, destroyed, or inaudible portion of the reporter=s record, or the lost or destroyed exhibit,
is necessary to the appeal=s resolution; and

 

(4) if the
parties cannot agree on a complete reporter=s record.

 

Appellant
argues that the State Acould
have@ and Amight have possibly@ made objectionable or reversible comments during the unrecorded
portion of the prosecutor=s argument.  Appellant=s argument is based on mere speculation that
the prosecutor made improper remarks during the last portion of the
argument.  Appellant has not shown that
the missing portion of the record is Anecessary to the appeal=s resolution.@  Issac v. State, 989 S.W.2d 754
(Tex.Cr.App.1999).  Appellant=s first point of error is overruled.








Appellant
asserts in his second point that the trial court erred in admitting evidence of
an extraneous offense without giving appellant proper notice as required by
TEX.R.EVID.  404(b).  In overruling appellant=s objection, the trial court, outside the
presence of the jury, stated that the court of criminal appeals had held on
numerous occasions, Athat a
jury is entitled to know the totality of the circumstances that surrounded the
event in question which form the basis of the prosecution and that an event
does not occur in a vacuum.@  The court further stated that
the State could bring before the jury evidence that appellant and others with
appellant were underage and that they were drinking beer and smoking marihuana
before the murder.  The State introduced
evidence that approximately two hours before the murder, appellant and some of
his companions were drinking beer and smoking marihuana.  Felix Lamond Fisher agreed that, when they
went to the store where the shooting occurred to get more beer, they were all a
Alittle drunk.@   We hold that the challenged
evidence was same transaction contextual evidence.  This court in Hodge v. State, 940 S.W.2d 316 (Tex.App. - Eastland
1997, pet=n ref=d), held that same transaction contextual evidence is not subject to
the requirement in Rule 404(b) that the State must give the accused notice of
the State=s intent to introduce such evidence.  In Hodge, we held that Rule 404(b) by
definition excludes from the notice requirement crimes arising in the Asame transaction.@  See
also Patton v. State, 25 S.W.3d 387, 392 n. 4 (Tex.App. - Austin 2000, pet=n ref=d).

Moreover,
if the trial court erred in admitting the challenged evidence, we hold that the
error did not affect appellant=s substantial rights.  Any error
was harmless under TEX.R.APP.P. 44.2(b); King v. State, 953 S.W.2d 266, 271
(Tex.Cr.App.1997).  Appellant=s second point of error is overruled.

In the
third point of error, appellant argues that the evidence that appellant and his
companions were drinking beer and smoking marihuana before the shooting
violated Rule 404(b) because the evidence was introduced only to show the
character of appellant.  Appellant
further contends that, if the extraneous offense was relevant, the probative
value was substantially outweighed by its prejudicial effect.

The court
in Wyatt v. State, 23 S.W.3d 18, 25 (Tex.Cr.App.200), stated:

[T]his Court has held that Ait has long been the rule in this State that
the jury is entitled to know all relevant surrounding facts and circumstances
of the charged offense; an offense is not tried in a vacuum.@ 
Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App.1986).

 

The
court in Mann v. State, 718 S.W.2d 741, 744 (Tex.Cr.App.1986), said:

 

When the balancing test is applied, evidence
of the context of the offense is almost always admissible under the reasoning
that events do not occur in a vacuum and the jury has a right to have the
offense placed in its proper setting so that all evidence may be realistically
evaluated.  See Maddox v. State, 682
S.W.2d 563 Tex.Cr.App. 1985)(Clinton, J. concurring); and Taylor v. State, 420
S.W.2d 601 (Tex.Cr.App.1967).  Rarely will
the prejudicial value render inadmissible any evidence that is context of the
offense.

 

Appellant and his companions were armed with two semi-automatic
handguns and one revolver.  They fired
approximately 28 bullets at two unarmed persons who were killed and at several
innocent bystanders.  Part of the
explanation for their actions was that their adversaries were armed.  The reasonableness of their belief and
understanding of the situation was potentially colored by their
intoxication.  The evidence was relevant
to the issue of self-defense.








The trial
court properly admitted the evidence and the probative value was not
substantially outweighed by the prejudicial effect.  Montgomery v. State, 810 S.W.2d 372 (Tex.Cr.App.1991).  Moreover, if the trial court erred in
admitting the challenged evidence, we hold that the error did not affect
appellant=s substantial rights.  Any error was harmless under Rule 44.2(b);
King v. State, supra.  Appellant=s third point of error is overruled.

Appellant
contends in his fourth point that the prosecutor in his closing argument at the
punishment phase of the trial improperly commented on appellant=s failure to testify.  Appellant relies upon the following remarks
by the prosecutor:

And you
have to do this, you have to assess what you think is the correct punishment,
not based on any fancy words lawyers throw at you, but based on all the
evidence you have heard in this trial. 
You have to look at what was done out there, and what little information
you have about the person who committed the act.  The punishment has to fit the individual.   What I=m basically telling you is: What have you heard from that witness
stand?  Have you heard any evidence from
any source that shows you this individual can be rehabilitated?  That=s what probation is, to rehabilitate, to work with that person.

 

Have you
heard any evidence at all?

 

The court overruled appellant=s objection.

 

The court in Wolfe v.
State, 917 S.W.2d 270, 279 (Tex.Cr.App.1996), said:

 

A
prosecutor cannot comment on the lack of evidence presented where that comment
necessarily refers to the defendant=s failure to testify, but language that can reasonably be construed as
a failure to present evidence other than the defendant=s testimony is not a comment on the failure
to testify.  Staley [v. State], 877
S.W.2d 895 [(Tex.Cr.App.1994)].  That
such language might be construed as an implied or indirect allusion to the
defendant=s failure to testify is not enough to warrant
exclusion.

 

The only
witness called during the punishment phase of the trial was appellant=s aunt. 
She testified that appellant had lived with her most of his life, that
he was enrolled in school at the time of the murder, and that he had never
before been convicted of a felony.  The
aunt did not testify as to appellant=s good behavior or his ability to reform his behavior.  Defense counsel argued to the jury that
appellant should be placed on probation.








Appellant=s aunt could have testified that appellant could
be rehabilitated.  She could have
presented evidence that appellant was capable of rehabilitation.  The prosecutor=s statement was not an improper comment on appellant=s failure to testify.  The fourth point of error is overruled.

In his
fifth point of error, appellant maintains that the evidence is factually
insufficient to support the verdict.  He
argues in the sixth point of error that the evidence is legally insufficient to
support the verdict.

In order
to determine if the evidence is legally sufficient, this court must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d
664 (Tex.Cr.App.2000).  In determining
whether the evidence is factually sufficient, this court must review all of the
evidence to determine if the verdict is so against the great weight of the
evidence as to be clearly wrong or unjust. 
Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).

Two
witnesses identified appellant as the person they saw shoot and kill the
victim.  The evidence is both legally
and factually sufficient to support the verdict.  Appellant=s Points of Error Nos. 5 and 6 are overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

November 15, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.