TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00385-CR







Edward Amaro, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF LAMPASAS COUNTY


NO. 12,152, HONORABLE VIRGIL E. LILLEY, JUDGE PRESIDING







Appellant Edward Amaro pleaded not guilty before a jury to an information accusing
him of driving while intoxicated. See Tex. Pen. Code Ann. § 49.04 (West Supp. 2002). After
testimony began and appellant's objections to the admission of the evidence discussed below were
overruled, appellant was permitted to waive his right to trial by jury and change his plea to no
contest. See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). The county court
adjudged appellant guilty and imposed a $500 fine. We will affirm.

Appellant's first point of error is that "the trial court committed error by admitting
an extraneous offense in violation of rule 404(b)." See Tex. R. Evid. 404(b). His argument in
support of this point is directed to the prosecutor's alleged violation of a motion in limine granted
by the court. The motion asked that no evidence of an open container found in appellant's car be
admitted without the State first obtaining a ruling outside the jury's presence on the admissibility of
the evidence. Appellant asserts that the granted motion was violated when the prosecutor said during
his opening statement, "I believe the evidence will show that there was an alcohol container in the
floorboard of the vehicle." Later, during the testimony of the arresting officer, a hearing was held
outside the jury's presence and the court overruled appellant's objections to the officer testifying to
the discovery of an open can of beer in appellant's vehicle.

Appellant's argument that the prosecutor's remark violated the motion in limine is
not cognizable on appeal. The violation of a motion in limine does not preserve error in the
admission of evidence. Brazzell v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972). Any
remedy for the violation of a motion in limine lies with the trial court. Id. If we construe this point
of error as an attack on the admissibility of the officer's subsequent testimony, no error is presented. 
The presence of the open container was same transaction contextual evidence that tended to prove
the allegation that appellant was driving while intoxicated by reason of the introduction of alcohol
into his body, and hence was outside the scope of the rule barring evidence of extraneous
misconduct. See Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). By its terms, the
rule 404(b) notice requirement relied on by appellant in the trial court does not apply to same
transaction contextual evidence. Hodge v. State, 940 S.W.2d 316, 319 (Tex. App.--Eastland 1997,
pet. ref'd). Point of error one is overruled.

In his second point of error, appellant contends the court erred by permitting the
officer to testify that after he saw the open can of beer and smelled the odor of alcoholic beverage,
he asked appellant "if he had consumed any alcohol" and appellant told him he had drunk
"approximately three beers." Appellant urges that his statement to the officer was inadmissible
because he had not been advised of his rights. See Tex. Code Crim. Proc. Ann. arts. 38.22, § 3(a)(2),
.23(a) (West Supp. 2002).

Article 38.22 applies only to statements made as a result of custodial interrogation. 
State v. Waldrop, 7 S.W.3d 836, 839 (Tex. App.--Austin 1999, no pet.). In Waldrop, another
prosecution for driving while intoxicated, the defendant made a roadside admission that he had
consumed a few beers after being asked by the officer if he had been drinking. Id. at 837. We held
that this statement was not the product of custodial interrogation. Id. at 839-40. The circumstances
surrounding appellant's statement are substantially the same as those in Waldrop. For the reasons
stated in that opinion, we hold that appellant's statement was not the product of custodial
interrogation and that article 38.22 was not violated. Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 13, 2002

Do Not Publish