Affirmed and Memorandum Opinion filed August 3, 2006








Affirmed and Memorandum Opinion filed August 3, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00440-CR

____________

 

HONORIO JAYME JARITAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 984,582

 



 

M E M O R A N D U M   O P I N I O N

Appellant Honorio Jayme Jaritas challenges the legal and
factual sufficiency of the evidence supporting his conviction of driving while
intoxicated (ADWI@).  We affirm.

I. Factual and Procedural Background








Around 3:00 a.m., on April 16, 2004, Harris County Deputy
Jerry West, on patrol on the Gulf Freeway, spotted a burgundy Pontiac GrandAm
automobile whose driver was unable to maintain a single lane of traffic.  When
the vehicle turned left without signaling, Deputy West activated his emergency
lights to initiate a traffic stop.  The driver, later identified as appellant,
did not stop, prompting Deputy West to activate his siren.  Appellant then
pulled into a nearby empty parking lot.  Just as Deputy West exited his
vehicle, appellant left and drove into another parking lot nearby.  Deputy West
followed appellant into the second parking lot.  Appellant exited his vehicle
before shifting into park, and the car began to roll away.  Appellant
re-entered the vehicle to stop and park it.  Appellant exited his vehicle a
second time, but instead of walking toward Deputy West, he walked toward a
third parking lot.  Deputy West yelled at appellant to stop and put his hands
behind his back.  Initially, appellant did not comply.  After appellant finally
stopped, Deputy West noted that appellant was agitated, had bloodshot eyes,
slurred speech, and a strong odor of alcohol on his breath.  Four other
officers arrived to assist Deputy West, one of whom also detected alcohol on
appellant=s breath and noticed that appellant had bloodshot
eyes.  The officers brought appellant to the Houston Police Department.  While
at the police station, appellant refused to cooperate by giving a breath sample
or submitting to sobriety tests. 

Appellant has two prior misdemeanor DWI convictions, and
was charged in this case with a felony DWI.  Appellant did not contest the
prior convictions, but pleaded Anot guilty@ to the charged offense. 
A jury found him guilty and the trial court sentenced him to four years= imprisonment in
the Institutional Division of the Texas Department of Criminal Justice, and
assessed a fine of $339.00.

II.  Legal and Factual
Sufficiency of the Evidence








In two issues, appellant contends the evidence is legally
and factually insufficient to show that he drove while intoxicated.  In
evaluating a legal-sufficiency challenge, we review the evidence in the light
most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  The issue is not whether we, as a court, believe the
State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The question is not
whether a rational jury could have entertained a reasonable doubt of guilt, but
whether it necessarily would have done so.  Swearingen v. State, 101
S.W.3d 89, 96 (Tex. Crim. App. 2003).

In contrast, when evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence without the prism of Ain the light most
favorable to the prosecution@ and set aside the verdict only if it is Aso contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust.@  Johnson v.
State, 23 S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  This concept
embraces both Aformulations utilized in civil jurisprudence, i.e.,
that evidence can be factually insufficient if (1) it is so weak as to be
clearly wrong and manifestly unjust or (2) the adverse finding is against the
great weight and preponderance of the available evidence.@  Id. at
11.  Under this second formulation, the reviewing court essentially compares
the evidence that tends to prove the existence of a fact with the evidence that
tends to disprove that fact.  Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996).  In conducting the factual-sufficiency review, we must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder.  Id. at 648.








A person commits the offense of driving while intoxicated
if the person is intoxicated while operating a motor vehicle in a public
place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon
2005).  A person commits a felony offense of driving while intoxicated if it is
shown at trial that the person had been twice convicted of the offense of
operating a motor vehicle while intoxicated.  Tex.
Pen. Code Ann. ' 49.09(b)(2) (Vernon 2005).  Appellant did
not contest the two prior convictions. 

Appellant contends the evidence is legally insufficient to
prove he was intoxicated.  Intoxication is (a) not having normal use of mental
or physical faculties by reason of introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or (b) having an alcohol
concentration above 0.08 or more.  Tex.
Pen. Code Ann. ' 49.01(2)(A)B(B) (Vernon
2003).  Appellant did not take an alcohol test in this case.  Therefore, the
State was required to prove that appellant, as a consequence of alcohol
consumption, did not have the normal use of mental and physical faculties while
operating his vehicle.  See id. ' 49.01(2)(A).

The evidence at trial demonstrates that appellant was
intoxicated.  Deputy West observed appellant=s erratic driving
and pulled him over.  Initially, appellant refused to stop and then tried to
flee, first by pulling into a different parking lot and then by walking away. 
Appellant was agitated and  had bloodshot eyes.  Deputy West detected a strong
odor of alcohol on appellant=s breath at the scene.  Based on Deputy
West=s observations and
appellant=s erratic driving before the stop, Deputy West
concluded that appellant=s mental and physical faculties were
impaired as a result of the consumption of alcohol.








Appellant, challenging Deputy West=s qualification to
make the conclusion that appellant was intoxicated, argues that though Deputy
West had been trained, he had not yet been certified in ADWI Recognition@.[1] 
Appellant also contends that his decision to leave the first parking lot and
continue towards the second parking lot was based on safety concerns.  Deputy
West agreed that it is not uncommon for drivers to want to stop in a well-lit
location, but noted that there was nothing unsafe about the first parking lot. 
Deputy Ancira, who assisted Deputy West in arresting appellant also, testified
that appellant had bloodshot eyes and smelled of alcohol.  Appellant does not
challenge this testimony.    

A third officer, John Miller, who attempted to get a breath
sample from appellant, likewise testified that appellant=s eyes were
bloodshot and his breath smelled of alcohol.  Officer Miller stated that
appellant refused to consent to a breath test and refused to sign a document
noting he was refusing to submit to a breath test.  Based on his interactions
with appellant, Officer Miller believed that appellant had lost the normal use
of his mental faculties due to the consumption of alcohol.  Appellant asserts
that he was within his Fifth Amendment rights to withhold consent to a breath
test, that Officer Miller did not observe appellant for a sufficient period of
time to accurately conclude appellant was intoxicated, and that Officer Miller=s conclusions were
not based on any field sobriety tests.  Appellant contends that Officer Miller
relied solely upon appellant=s agitated state to conclude that he was
intoxicated.   Even if this were true, the accused=s refusal to
submit to a breath test is admissible in a DWI trial without requiring a
showing of why the accused refused a breath test.  Griffith v. State, 55
S.W.3d  598, 601 (Tex. Crim. App. 2001).  Because the definition of Aintoxicated@ includes not
having the normal use of mental or physical faculties, any sign of impairment
in an accused=s ability to perform a breathalyzer test is
circumstantially relevant to whether the person was legally intoxicated while
driving.  See  Finley v. State, 809 S.W.2d 909, 913 (Tex. App.BHouston [14th
Dist.] 1991, pet. ref'd) (concluding that evidence of a defendant=s failure to
submit to a breath test can be considered as evidence of guilt). 








The final witness, Officer Paul McRae, who was operating
the video camera in the room where suspects detained for suspicion of DWI are
administered sobriety tests, testified that appellant refused to cooperate in
doing the sobriety tests.  Based on appellant=s slurred speech
and irate behavior, Officer McRae concluded that appellant was intoxicated. 
The videotape of appellant=s interactions with Officer McRae was shown
to the jury.  By viewing this tape, the jury, like Officer McRae, easily could
have concluded that appellant showed signs of intoxication in refusing to
cooperate with the officer who, at one point, was simply attempting to read
appellant his rights.  Appellant contends that he was within his Fifth
Amendment rights not to consent to the field sobriety tests, and that his
behavior on the videotape could have been as a result of a feeling of being
unjustly treated.  While this may be true, evidence of appellant=s refusal is still
admissible and relevant.  See Griffith, 55 S.W.3d at 601B02. 

An agitated state is not conclusive evidence that appellant
was intoxicated, but the record contains ample other evidence sufficient to
demonstrate that appellant was intoxicated.  Appellant=s attempted flight
from the scene could be considered by the jury to show a guilty mind.  Thompson
v. State, 563 S.W.2d 247 (Tex. Crim. App. 1978).  In addition, his refusal
to take a breath test is evidence of intoxication.  See Mody v. State, 2
S.W.3d 652, 654 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d.).  Finally, the
evidence that appellant had slurred speech, bloodshot eyes, and an odor of
alcohol on his breath are all indicative of intoxication.  See Cotton v.
State, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985).  Therefore, we
conclude the evidence is legally sufficient to support appellant=s conviction.








As for appellant=s
factual-sufficiency challenge, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Appellant relies on
the same points in his factual-sufficiency challenge that he proffered to
support his legal-sufficiency challengeCthe arresting
officer allegedly was unqualified to determine whether appellant was
intoxicated, appellant=s uncooperative behavior was justified by
a feeling of unjust treatment, and appellant=s refusal to
consent to sobriety tests is protected by the Constitution.

In this case, the officers made several observations about
appellant=s intoxication.  Although their testimony may be in
conflict with appellant=s contention that he was agitated and felt
unjustly treated, the jury is the sole judge of the facts, the credibility of
the witnesses, and the weight to be given to the evidence.  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  A factual-sufficiency challenge
will not be sustained simply because the record contains conflicting evidence
upon which the fact finder could have reached a different conclusion.  Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1998).  A reviewing court
may disagree with the fact finder=s resolution of
conflicting evidence only when it is necessary to prevent manifest injustice.  Id.
at 164B65.  A jury=s decision is not
manifestly unjust merely because the jury resolved conflicting views of
evidence in favor of the State.  Cain, 958 S.W.2d at 410.

After reviewing the evidence, we cannot conclude that the
verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Under the applicable standard of review, the
evidence is factually sufficient to support appellant=s conviction.  

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 3, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant does not bring a separate issue on appeal
challenging Deputy West=s testimony as an expert witness.  Thus, we do not
address Deputy West=s qualifications as an expert witness in this appeal. 
However, even if Deputy West were not qualified to testify as an expert, his
statements were admissible as lay witness testimony.  Under the Texas Rules of
Evidence, an officer may qualify to testify both under Rule 701 as a lay witness
and Rule 702 as an expert. See Fairow v. State, 943 S.W.2d 895, 898
(Tex. Crim. App. 1997); Williams v. State, 826 S.W.2d 783, 785 (Tex.
App.CHouston [14th] 1992, writ ref=d); Austin v. State, 794 S.W.2d 408, 410 (Tex.
App.CAustin 1990, writ ref=d).  Rule 701 provides that a lay witness may give an opinion or
inference that is rationally based upon his perception and is helpful to the
jury=s understanding of either the witness's testimony or
the facts of the case. Tex. R. Evid.
701; see Emerson v. State, 880 S.W.2d 759, 763 (Tex. Crim. App. 1994)
(holding lay opinion testimony by officer admissible to prove a person's
intoxication).  Additionally, intoxication measured
by the loss of mental and physical faculties is patently observable, and does
not require scientific testing.  Letner v. State, 138 S.W.3d 539, 542
(Tex. App.CBeaumont 2004, no pet.).