

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00199-CR

ALCIDES LARRINAGA A.K.A.                                      APPELLANT
ALCIDES LARRINGA

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1328386D

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

Appellant argues that the trial court erred by allowing a police detective to opine whether this was a case of self-defense over his objection that the detective had not been established as an expert. The majority concludes that the testimony was admissible under rule of evidence 701 and that, regardless of its admissibility, the testimony was harmless in light of the testimony from the other witnesses about Appellant and Joel's disputes. While I agree that the testimony

---

[1]*See* Tex. R. App. P. 47.4.

was ultimately harmless, I disagree with the majority's application of rule 701 because, although rule 701 provides a relaxed standard for the admissibility of opinion testimony, it does not permit admission of an expert opinion in lay opinion's clothing.

To meet the lay opinion admissibility standard, the witness must have personal knowledge of the facts underlying the opinion, and the opinion must be rationally based on the witness's perception of those facts. *See Solomon v. State*, 49 S.W.3d 356, 360–61, 364 (Tex. Crim. App. 2001) (holding that accomplice was qualified to opine that defendant, who had goaded and encouraged others to rob and kill stranded motorist, was the person among the group "responsible" for the robbery); *Thomas v. State*, 916 S.W.2d 578, 580–81 (Tex. App.—San Antonio 1996, no pet.) (holding that police officer was permitted to provide lay-witness testimony as to how "crack" houses are usually run); *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (holding that police officer's testimony that defendant's actions were consistent with someone selling cocaine was admissible under rule 701); *Williams v. State*, 826 S.W.2d 783, 785 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (stating that police officer was permitted to testify as a lay witness that he had interpreted the defendant's actions to be a drug transaction); *Austin v. State,* 794 S.W.2d 408, 409–11 (Tex. App.—Austin 1990, pet. ref'd) (holding that police officer could provide his opinion that "Swedish deep muscle rub" was a code for prostitution).

Here, however, the detective was asked to look at the injuries from an autopsy report and to opine as to whether "this [was] a case of self-defense." The record does not demonstrate that he had personal knowledge of the underlying facts. Further, while he had experience in investigating homicide cases, there was no evidence in the record to indicate that he had experience in interpreting autopsy results such that he would be qualified to testify as to whether the autopsy results indicated that the appellant in this case had shot a man in self-defense.[2] Therefore, I would hold that the trial court abused its discretion by admitting the testimony over objection. I nonetheless concur that, considering the evidence in the record as a whole, the error was harmless.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 6, 2015

---

[2]Our opinion in *James v. State* may appear to hold to the contrary, but in *James*, the officer was permitted to opine that a claim of self-defense made no sense in the context of personal observation of the physical condition of the defendant and the complainant the second time the officer responded to the scene of one of their domestic disturbances. 335 S.W.3d 719, 725–26 (Tex. App.—Fort Worth 2011, no pet.) (noting that the officer testified that the claim of self-defense was not consistent with the fact that the boyfriend had no new injuries on him while the girlfriend had a black eye, a cut nose, blood all over her face, bruises on her legs; the officer added that "he did a heck of a job defending himself, if that was the case").