**953-15**

ORIGINAL

NO. PD-0953-15

IN THE

TEXAS COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

LONNIE JAMES JONES Jr.

(APPELLANT)

vs.

THE STATE OF TEXAS

(APPELLEE)

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ON REVIEW FROM THE NINTH (9th) DISTRICT COURT OF APPEALS
AT BEAUMONT, TEXAS. NO. 09-13-00459-CR. DIRECT APPEAL
FROM THE JUDGMENT OF CONVICTION - SENTENCE FROM THE
221st DISTRICT COURT OF MONTGOMERY COUNTY
TRIAL DOCKET NO. 13-03-03256-CR.
HONORABLE JUDGE LISA MICHALK PRESIDING

ORAL ARGUMENT REQUESTED

LONNIE J. JONES Jr.
T.D.C.J. # 1889803
(PRO SE)

## IDENTITY OF PARTIES AND COUNSEL

**FOR THE STATE:**

AT PRETRIAL & TRIAL: **MR. BLAKE ENAX**
TBN: 24058872

**MR. JEFF HOHL**
TBN: 00792509
ASSISTANT DISTRICT ATTORNEYS

MONTGOMERY COUNTY DISTRICT ATTORNEY's OFFICE
207 W. PHILLIPS, 3rd FLOOR
CONROE, TEXAS 77301
936-539-7800

ON APPEAL: **MR. WILLIAM J. DELMORE III**
ASSISTANT DISTRICT ATTORNEY

MONTGOMERY COUNTY DISTRICT ATTORNEY's OFFICE
207 W. PHILLIPS, 2nd FLOOR
CONROE, TEXAS 77301
936-539-7800


**FOR THE APPELLANT:**

AT PRETRIAL & TRIAL: **MR. WILLIS SMITH**
TBN: 18710500
LAW OFFICES of WILLIS SMITH
25408 US HIGHWAY 59, SUITE 104
PORTER, TEXAS 77365
281-359-6059

ON APPEAL: **MRS. HEATHER HALL**
TBN: 24026287

HEATHER HALL & ASSOCIATES
308 N. MAIN
CONROE, TEXAS 77301
936-441-5002
conroelaw@gmail.com

# TABLE OF CONTENTS

SUBJECT:                                                                    PAGE:

IDENTITY OF PARTIES AND COUNSEL........................................i

TABLE OF CONTENTS......................................................iii

TABLE OF AUTHORITIES.................................................v-vi

STATEMENT REGARDING ORAL ARGUMENT.......................................1

STATEMENT OF THE CASE..................................................1

STATEMENT OF PROCEDURAL HISTORY........................................1

ISSUES PRESENTED.......................................................2

POINT OF ERROR ONE FOR REVIEW (RESTATED)............................3

   THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION
   IN  OVERRULING  ISSUE  ONE  WHEN THE RECORD SHOWS AND THE COURT
   ACKNOWLEDGES  THAT THERE IS SOME EVIDENCE IN SUPPORT OF A SELF-
   DEFENSE  INSTRUCTION, IT REVERSIBLE ERROR FOR THE COURT TO DENY
   A  SELF-DEFENSE  INSTRUCTION  BECAUSE IT BELIEVES THAT THE EVI-
   DENCE IS VERY SMALL AND CONTROVERTED...........................3-9

POINT OF ERROR TWO FOR REVIEW (RESTATED)............................9

   THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION
   IN  OVERRULING  ISSUE TWO WHEN POLICE OFFICERS HAVE NO PERSONAL
   KNOWLEDGE  OF  THE  ALLEGED  OFFENSE, IT IS REVERSIBLE ERROR TO
   ALLOW  THEM TO TESTIFY THAT DEFENDANT WAS GUILTY OF ASSAULT AND
   THAT SELF-DEFENSE DID NOT APPLY................................9-12

POINT OF ERROR THREE FOR REVIEW (RESTATED).........................12

   THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION
   IN  OVERRULING  ISSUE  TWO  WHEN  THE  CUMULATIVE IMPACT OF THE
   ABOVE ERRORS WAS SO GREAT THAT REVERSAL IS REQUIRED...........12-13

PRAYER................................................................13

CERTIFICATE OF SERVICE................................................14

(APPENDIX) COURT OF APPEALS OPINION....................................A

# TABLE OF AUTHORITIES

**CASES:**                                                                    **PAGE:**

•ALAMANZA v. STATE, 686 S.W.2d 157, 171 (TEX.CRIM.APP.1985)...............7

•DAVIS v. STATE, 313 S.W.3d 317, 350 (TEX.CRIM.APP.2010)................11

•DIXON v. STATE, 244 S.W.3d 472, 479 (TX.APP.2007)......................11

•ELLISON v. STATE, 86 S.W.3d 226, 228 (TEX.CRIM.APP.2002)................8

•EX PARTE: NAILOR, 149 S.W.3d 125, 132 (TEX.CRIM.APP.2004)...............4

•FELDMAN v. STATE, 71 S.W.3d 738, 757 (TEX.CRIM.APP.2002)...............12

•FERREL v. STATE, 55 S.W.3d 586, 591 (TEX.CRIM.APP.2001).................4

•GIBSON v. STATE, 726 S.W.2d 129, 133 (TEX.CRIM.APP.1987)................7

•HAYS v. STATE, 728 S.W.2d 804, 807 (TEX.CRIM.APP.1987).................7

•HUGHES v. STATE, 24 S.W.3d 833, 844 (TEX.CRIM.APP.2000)................12

•JAMES v. STATE, 335 S.W.3d 719, 725 (TX.APP.2011)......................11

•JOHNSON v. STATE, 271 S.W.3d 359, 362 (TEX.CRIM.APP.2008)...............4

•MILLER v. STATE, 815 S.W.2d 582 (TEX.CRIM.APP.1991)....................7

•OVALLE v. STATE, 13 S.W.3d 774, 786 (TEX.CRIM.APP.2000)................7

•SALDANA, 2011 TEX.APP.LEXIS 1709......................................11

•SHAW v. STATE, 243 S.W.3d 647, 657-58 (TEX.CRIM.APP.2007)...............3

•SMITH v. STATE, 676 S.W.3d 584, 585 (TEX.CRIM.APP.2007)................3

•SOLOMON, 49 S.W.3d 356, 365 (TEX.CRIM.APP.2001).......................12

•TREVINO v. STATE, 100 S.W.3d 232, 242 (TEX.CRIM.APP.2003)..............7

•WARNER v. STATE, 245 S.W.3d 458, 464 (TEX.CRIM.APP.2008)...............8

•WILLIAMS v. STATE, 826 S.W.2d 783, 785 (TX.APP.1992)..................11


**PENAL CODE:**

•TEXAS PENAL CODE 2.03(c)...............................................8

•TEXAS PENAL CODE 9.31(a)...............................................4


**TX. R. APP. PROC.**

•33.1(a)................................................................9

•33.1(a)(1)(A).........................................................10

•44.2(b)...............................................................13


**TEXAS RULES OF EVIDENCE**

•701....................................................................9

•702....................................................................9

# TABLE OF AUTHORITIES

## (CONTINUED)

TX. CODE CRIM. PROC.                                           PAGE:

·36.19.............................................................7


STATE-FEDERAL CONSTITUTIONS:

·U.S. CONST. AMEND. XIV......................................12

·TX. CONST. ART. I §19.......................................12

## STATEMENT REGARDING ORAL ARGUMENT

PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE 39.7; THIS APPELLANT HEREBY RESPECTFULLY REQUEST ORAL ARGUMENT; THUS WOULD SERVE TO EMPHASIZE AND CLARIFY THE IMPORTANT LEGAL POINTS REGARDING THIS REVIEW.

## STATEMENT OF THE CASE

THIS PETITION FOR DISCRETIONARY REVIEW ARISES FROM A DECISION OUT OF THE COURT OF APPEALS DENYING APPELLANT HEREIN: 1) THE LEGAL RIGHT TO A SELF-DEFENSE CHARGE; 2) UPHOLDING VOICED - OPINION TESTIMONY BY BOTH A POLICE OFFICER - POLLICE OFFICER IN TRAINING; AND 3) OVER-RULING THE CUMULATIVE EFFECT STEMMING FROM POINTS OF ERROR ONE AND TWO COMBINED.

## STATEMENT OF THE PROCEDURAL HISTORY

THIS PETITION FOR DISCRETIONARY REVIEW IS FROM A CONVICTION FOR ASSUALT CAUSING BODILY INJURY TO A FAMILY MEMBER ENHANCED, i.e., A THIRD DEGREE FELONY TO HABITUAL STATUS, IN WHICH APPELLANT RECEIVED A SENTENCE OF FORTY (40) YEARS. CR 68.

ON JUNE 6, 2013, APPELLANT WAS INDICTED FOR ASSUALT CAUSING BODILY INJURY TO A FAMILY MEMBER ENHANCED. CR 20. ON SEPTEMBER 16, 2013, APPELLANT PLED NOT GUILTY AND TRIAL BEGAN IN THE 221st DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS, THE HONORABLE LISA MICHALK, PRESIDING. CR 68; 4 RR 4-5. THE JURY FOUND APPELLANT GUILTY OF ASSUALT CAUSING BODILY INJURY TO A FAMILY MEMBER, A THIRD DEGREE FELONY ENHANCED TO A HABITUAL, ON SEPTEMBER 17, 2013. CR 68. THE COURT ASSESSED PUNISHMENT TO CONFINEMENT AT 40 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE. CR 71.

THE TRIAL COURT CERTIFIED APPELLANT'S RIGHT TO APPEAL ON SEPTEMBER 17, 2013. CR 70. APPELLANT FILED HIS NOTICE OF APPEAL ON OCTOBER 1, 2013. CR 79.

THE COURT OF APPEALS FOR THE NINTH (9th) DISTRICT OF TEXAS AT BEAUMONT, AFFIRMED APPELLANT'S CONVICTION IN A NON-PUBLISHED OPINION AUTHORED - BEFORE

1

McKEITHEN, C.J.; KREGER AND HORTON, JJ.; DELIVERED JUNE 24, 2015. NO MOTIONS FOR REHEARING WERE FILED. A COPY OF THE COURT OF APPEALS' OPINION IS ATTACHED AND APPENDED HERETO. THIS PETITION WAS TIMELY FILED.

## POINT OF ERROR ONE FOR REVIEW (RESTATED)

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION IN OVER-RULING ISSUE ONE WHEN THE RECORD SHOWS AND THE COURT ACKNOWLEDGES THAT THERE IS SOME EVIDENCE IN SUPPORT OF A SELF-DEFENSE INSTRUCTION, IT REVERSIBLE ERROR FOR THE COURT TO DENY A SELF-DEFENSE INSTRUCTION BECAUSE IT BELIEVES THAT THE EVIDENCE IS VERY SMALL AND CONTROVERTED.

## POINT OF ERROR TWO FOR REVIEW (RESTATED)

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION IN OVER-RULING ISSUE TWO WHEN POLICE OFFICERS HAVE NO PERSONAL KNOWLEDGE OF THE ALLEGED OFFENSE, IT IS REVERSIBLE ERROR TO ALLOW THEM TO TESTIFY THAT DEFENDANT WAS GUILTY OF ASSAULT AND THAT SELF-DEFENSE DID NOT APPLY.

## POINT OF ERROR THREE FOR REVIEW (RESTATED)

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION IN OVER-RULING ISSUE THREE WHEN THE CUMULATIVE IMPACT OF THE ABOVE ERRORS WAS SO GREAT THAT REVERSAL IS REQUIRED.

## ARGUMENT AND AUTHORITIES
### (REASONS FOR REVIEW)

### :INTRODUCTION:

THE SOLE FACT COMMON HEREIN COUPLING POINT OF ERROR ONE AND POINT OF ERROR TWO FOR REVIEW IS THE ISSUE OF >>SELF DEFENSE<<. THUS, REFUSED BY THE

2

TRIAL COURT FOR A DEFENSE JURY INSTRUCTION IN FOLLOWING, OPINE - ELICITED TESTIMONY REGARDING SUCH BY A POLICE - DEPUTY STATE AGENT; IN WHOM, TRULY DID [NOT] EYEWITNESS THE ALLEGED OFFENSE.

THIS, FURTHER CO-JOINING WITH ADDITIONAL, CO-LATERALL OPINE TESTIMONY BY POLICE - DEPUTY STATE AGENTS UNQUALIFIED TO DO SO - IN RELATION TO SAME, THEREBY, ACCUMULATING EGREGIOUS HARM.


## POINT OF ERROR ONE FOR REVIEW

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION IN OVER-RULING ISSUE ONE WHEN THE RECORD SHOWS AND THE COURT ACKNOWLEDGES THAT THERE IS SOME EVIDENCE IN SUPPORT OF A SELF-DEFENSE INSTRUCTION, IT REVERSIBLE ERROR FOR THE COURT TO DENY A SELF-DEFENSE INSTRUCTION BECAUSE IT BELIEVES THAT THE EVIDENCE IS VERY SMALL AND CONTROVERTED.

TO PARAPHRASE THE QUESTION ON THE BENCH OF THIS COURT UPON REVIEW, OPI-NIONS MADE - WRITTEN ORDER TIME: HOW WOULD THIS CASE BE ANY DIFFERENT FROM ALL OTHER - IN WHETHER [SOME] EVIDENCE IS [ENOUGH] "EVIDENCE RAISED" BY THE STANDARD TO WARRANT A SELF DEFENSE INSTRUCTION TO THE JURY?

THE COURT OF APPEALS[*] RETAIL RELIANCE ON SMITH v. STATE (676 S.W.3d 584, 585; TEX.CRIM.APP.1984) - LEAVES ONE TO GUESS, HOPE, AND SURMISE APPLICABLE TO THE "EVIDENCE RAISED STANDARD" [U]NDER TX. PEN. CODE §2.03(c) OPINE IN SHAW v. STATE, 243 S.W.3d 647, 657-58 (TEX.CRIM.APP.2007) IN THAT EYEWITNESS TESTIMONY IN "SMITH" (ABOVE) SHOWS THAT THE COMPLAINANT AT ONE TIME HAD A GUN DURING THE ALTERCATION AND APPELLANT "SMITH" HAD A STEAK KNIFE.

HERE, IN THIS CASE, [NOT] SO - [WHAT] SO EVER ... !

THIS CASE IS MERELY ABOUT AN ARGUING MATCH OVER "CHEATING" AND "MONEY" TURNED TO PUSH AND SHOVE. THEN, TO SOME PUNCH'S THROWN BOTH WAYS, INITIALLY BY THE COMPLAINANT - CULMINATING TO APPELLANT PICKING UP A HAMMER FOR PRO-TECTION. ALTHOUGH QUICKLY TAKEN AWAY BY AN EYEWITNESS AT THE SCENE MIDST THE

---

*. SLIP OP. - APPX. "A". THE COURT OF APPEALS 9th DISTRICT AT BEAUMONT, LONNIE JAMES JONES, Jr. v. THE STATE OF TEXAS, NO. 09-13-00459-CR, MEMORANDUM OPINION; pps: 1 - 12.

3

PHYSICAL SQUABBLE.

SECTION 9.31 OF THE TEXAS PENAL CODE PROVIDES THAT A PERSON IS "JUSTIFIED IN USING FORCE AGAINST ANOTHER WHEN AND TO THE DEGREE HE REASONABLY BELIEVES THE FORCE IS IMMEDIATELY NECESSARY TO PROTECT HIMSELF AGAINST THE OTHER'S USE OR ATTEMPTED USE OF UNLAWFUL FORCE". TEX. PEN. CODE ANN. §9.31 (WEST2011). [THERE]FORE, "A DEFENDENT IS ENTILTED TO AN INSTRUCTION ON THE LAW OF SELF-DEFENSE IF THERE IS SOME EVIDENCE THAT HE INTENDED TO USE FORCE AGAINST ANOTHER AND HE DID USE FORCE, BUT HE DID SO ONLY BECAUSE HE REASONABLY BELIEVED IT WAS NECESSARY TO PREVENT THE OTHER'S USE OF UNLAWFUL FORCE". EX PART, NAILOR 149 S.W.3d 125, 132 (TEX.CRIM.APP.2004)

"A DEFENDENT IS ENTITLED TO AN INSTRUCTION ON SELF DEFENSE IF THE ISSUE IS RAISED BY [THE] EVIDENCE, WHETHER THE EVIDENCE IS STRONG OR WEAK, UNIM-PEACHED OR CONTRADICTED, AND **REGARDLESS** OF WHAT THE TRIAL COURT MAY THINK ABOUT THE CREDIBILITY OF THE DEFENSE." FERREL v. STATE 55 S.W.3d 586, 591 (TEX.CRIM.-APP.2001)

A "DEFENDENT NEED NOT TESTIFY IN ORDER FOR A DEFENSIVE ISSUE TO BE SUFF-ICIENTLY RAISED" JOHNSON v. STATE 271 S.W.3d 359, 362 (TEX.APP.-BEAUMONT2008, PET REF'D). "DEFENSIVE ISSUES MAY BE RAISED BY THE TESTIMONY OF [ANY] WITNESS, EVEN ONE CALLED BY THE STATE." Id.

THEREFORE, AS HERE, WHAT KIND OF TESTIMONY IS NEEDED TO RAISE THE ISSUE OF SELF-DEFENSE, SINCE V.T.C.A., PENAL CODE §9.31(a) FOCUSES ON THE DEFENDENT'S SUBJECTIVE STATE OF MIND? THUS, IN ORDER TO JUSTIFY THE SUBMISSION OF A CHARGE TO THE JURY ON THE ISSUE OF SELF-DEFENSE, THERE MUST BE [SOME] EVIDENCE IN THE RECORD TO SHOW THAT THE DEFENDENT WAS IN SOME APPREHENSION OR [FEAR] OF BEING THE RECEIPIENT OF THE UNLAWFUL USE OF FORCE FROM THE COMPLAINANT. (ID. SMITH ABOVE @ 585).

HERE IN THE INSTANT AGNES JONES ("AGNES") AND KERTHINE TIMES ("TIMS") WERE WATCHING TV AND DRINKING BEER WHEN APPELLANT, LONNIE JONES ("JONES"), TIMS' BOYFRIEND AND AGNES' SON, ARRIVED AT THE HOUSE. 4 RR 9. AGNES TESTIFIED THAT TIMS STARTED "FUSSING AND CUSSING" AND THE ARGUMENT STARTED BECAUSE TIMS THOUGHT JONES WAS CHEATING ON HER. 4 RR 10, 12. TIMS WAS ANGRY AND "PUSHED [JONES] IN THE FACE," WHICH IS WHEN THE FIGHTING BEGAN. 4 RR 10. AS TIMS PUSHED JONES AND GOT INTO HIS FACE, JONES ALLEGEDLY PUSHED HER AND SHE SLIPPED,

4

FALLING TO THE FLOOR WHERE SHE MAY HAVE BUMPED HER HEAD AND CUT HER LIP. IN HER STATEMENT AT THE SCENE, HOWEVER, AGNES SAID THAT HER SON STARTED THE FIGHT WHEN SHE AND TIMS REFUSED TO GIVE JONES MONEY. 4 RR 13. STILL, AGNES TESTIFIED THAT SHE KNEW TIMS THREW THE FIRST PUNCH BECAUSE SHE, AGNES, WAS THERE. 4 RR 25.

AS TIMS AND JONES WERE HITTING EACH OTHER, THE FIGHT MOVED FROM THE HALL-WAY TO THE DEN, NEAR THE COUCH. 4 RR 11, 15-17. AS JONES PICKED UP A HAMMER, AGNES TOOK IT FROM HIM. 4 RR 16, 29. JONES NEVER HIT TIMS WITH THE HAMMER. 4 RR 16, 29. BECAUSE AGNES COULD NOT STOP THE FIGHT, SHE CALLED 911 AND DE-SCRIBED THE ARGUMENT AS A FISTFIGHT WITHOUT ANY WEAPON INVOLVED. 4 RR 11, 31.

DEPUTY WILKERSON AND HIS TRAINEE, DEPUTY BEATTY, WERE DISPATCHED TO THE SCENE WHERE BEATTY, THREE MONTHS OUT OF THE POLICE ACADEMY, BEGAN HIS INVESTI-GATION WITH WILKERSON, HIS FIELD-TRAINING OFFICER. 3 RR 10-12.

THE TRIAL COURT ALLOWED BEATTY, WHO WAS WITHOUT ANY TRAINING IN FAMILY VIOLENCE INVESTIGATION BEYOND HIS "CLASSROOM ORIENTATION", TO TESTIFY THAT JONES WAS GUILTY OF ASSAULTING HIS GIRLFRIEND. 3 RR 11, 12, 25. SIMILARLY, THE TRIAL COURT ALLOWED WILKERSON TO TESTIFY OVER APPELLANT'S OBJECTION THAT, HE DID NOT BELIEVE THAT JONES WAS ACTING IN SELF DEFENSE. 4 RR 50. (DESPITE HIS LACK OF KNOWLEDGE REGARDING JONES' MENTAL STATE).

DURING THE CHARGE CONFERENCE, DEFENSE COUNSEL ARGUED THAT THE EVIDENCE SUPPORTED AN INSTRUCTION ON SELF-DEFENSE. THE STATE ARGUED OTHERWISE. 4 RR 57-58. THE TRIAL COURT RECALLED THE WITNESSES' TESTIMONY AND NOTED THAT THERE WAS [SOME] EVIDENCE ON THE ISSUE OF SELF-DEFENSE, BUT BECAUSE THE EVIDENCE WAS SMALL AND CONTRADICTED, THE TRIAL COURT DENIED THE DEFENSE'S REQUEST FOR A SELF-DEFENSE INSTRUCTION. 4 RR 59, 64. THE JURY FOUND JONES GUILTY AND THE TRIAL COURT SENTENCED HIM TO 40 YEARS IN PRISON. CR 68, 71.

**THE RECORD SHOWED, AND THE JUDGE ACKNOWLEDGED, THAT THERE WAS SOME EVID-ENCE IN SUPPORT OF SELF-DEFENSE INSTRUCTION.**

ACCORDING TO AGNES, TIMS ACCUSED JONES OF CHEATING ON HER. 4 RR 10. AND, AS THE ARGUMENT ASCALATED, MRS. JONES TESTIFIED SHE WAS THERE WHEN COMPLAINANT THREW THE FIRST PUNCH AND PUNCHED APPELLANT IN THE FACE. 4 RR 25. MOREOVER, THE STATE ITSELF MUST HAVE BELIEVED THAT THERE WAS OME EVIDENCE OF SELF-DEFENSE FOR IT ARGUED THAT AGNES' TESTIMONY OPENED THE DOOR TO JONES ALLEGED "HISTORY

5

OF VIOLENCE AGAINST WOMEN AND INDIVIDUAL,"

> [PROSECUTOR]: SECONDLY, I DON'T BELIEVE -- DUE TO THE FACT
> THAT THE DEFENSE HAS SUBMITTED AN ISSUE OF THE DEFENDANT
> WAS JUST ACTING OUT BASED ON HER PUSHING HIM, THEY HAVE
> OPENED THE DOOR TO HIS HISTORY OF VIOLENCE AGAINST WOMEN
> AND INDIVIDUALS

4 RR 34.

THE TRIAL COURT ITSELF HAD REMARKED THAT THE ISSUE OF SELF-DEFENSE HAD BEEN RAISED. WHEN WILKERSON TESTIFIED THAT HE DID NOT BELIEVE THAT DEFENDANT ACTED IN SELF-DEFENSE, THE TRIAL COURT OVERRULED APPELLANT'S OBJECTION AND EXPLAINED, "NOW THE ISSUE HAS SOMEWHAT BEEN TRIED TO BE RAISED, I AM GOING TO ALLOW YOU TO ANSWER THAT QUESTION. SO GO AHEAD. YOU MAY ANSWER." 4 RR 50[1].

AND, DURING THE CHARGE CONFERENCE THE TRIAL COURT NOTED THAT THERE WAS SOME EVIDENCE THAT COMPLAINANT HAD PUSHED APPELLANT AND MAY HAVE BEEN THE FIRST AGGRESSOR: "SHE [MS. JONES] DID SAY THE COMPLAINANT PUSHED[;]" **"I MAY HAVE BEEN THE AGGRESSOR,"** "I COULD HAVE BEEN FUSSING AT HIM." 4 RR 59 (EMPHASIS ADDED). ACCORDING TO THE TRIAL COURT, HOWEVER, THERE WAS NOT "A LOT OF EVIDENCE IN THE CASE, AND THE EVIDENCE CONCERNING SELF-DEFENSE WAS VERY SMALL." 4 RR 59. THUS, INSTEAD OF CONSIDERING WHETHER THERE WAS SOME EVIDENCE, THE TRIAL COURT ERRONEOUSLY CONSIDERED WHETHER THERE WAS NOT ENOUGH EVIDENCE,

> SO AS THE GATEKEEPER OF THIS, I AM GOING TO DENY THE
> CHARGE. AND I MAY BE INCORRECT, BUT I JUST DON'T THINK
> THERE IS ENOUGH THAT RAISES IT. I THINK THAT YOU HAVE
> TO HAVE MORE THAN THE SOMEWHAT VACILLATING STATEMENTS
> OF BOTH THE MOTHER OF THE DEFENDANT AND THE COMPLAINANT
> TO GET A CHARGE OF SELF-DEFENSE. I JUST DON'T THINK
> IT IS THERE.

4 RR 64.

---

1. [PROSECUTOR]: OKAY. BASED ON EVERYTHING YOU OBSERVED AT THE SCENE, WOULD ANYTHING LEAD YOU TO BELIEVE THAT THE DEFENDANT WAS ACTING IN SELF-DEFENSE?

   [DEFENSE COUNSEL]: OBJECTION. THAT CALLS FOR LEGAL CONCLUSION, YOUR HONOR. HE WASN'T THERE. HE WASN'T PRESENT. HE SAID HE HAD ALREADY LEFT THE SCENE.

   THE COURT: I WILL ALLOW THE ANSWER BASED ON HIS — NOW THAT THE ISSUE HAS SOMEWHAT BEEN TRIED TO BE RAISED, I AM GOING TO ALLOW YOU TO ASK THAT QUESTION. SO GO AHEAD. YOU MAY ANSWER THE QUESTION.

   4 RR 50 (EMPHASIS ADDED).

IT IS NOT THE COURT'S FUNCTION TO DETERMINE THE CREDIBILITY OR WEIGHT TO BE GIVEN THE EVIDENCE RAISING THE ISSUE. GIBSON v. STATE, 726 S.W.2d 129, 133 (TEX.CRIM.APP.1987). THE FACT THAT THE EVIDENCE RAISING THE ISSUE MAY CONFLICT WITH OR CONTRADICT OTHER EVIDENCE IN THE CASE IS NOT RELEVANT TO THE DETERMINATION OF WHETHER A CHARGE ON THE ISSUE MUST BE GIVEN. Id.

HERE, THERE WAS SOME EVIDENCE FOR A SELF-DEFENSE INSTRUCTION. THE TRIAL COURT ITSELF NOTED THE EXISTENCE OF SUCH EVIDENCE, SEE SUPRA, BUT, BECAUSE THE TRIAL COURT CONCLUDED THAT THE QUANTUM OF EVIDENCE WAS SMALL AND CONTRA-DICTED, IT ERRONEOUSLY DENIED THE INSTRUCTION. SEE 4 RR 59 ("THE EVIDENCE CONCERNING SELF-DEFENSE WAS VERY SMALL."); 4 RR 64 ("YOU HAVE TO HAVE MORE THAN THE SOMEWHAT VACILLATING STATEMENTS"). THE TRIAL COURT, THEREFORE, ERRED WHEN IT DENIED THE REQUEST FOR INSTRUCTION BECAUSE "THE EVIDENCE CONCERNING SELF-DEFENSE WAS VERY SMALL" AND THAT WAS NOT ENOUGH. 4 RR 64.

AS NOTED SUPRA, THE TRIAL COURT MUST INSTRUCT THE JURY ON EVERY DEFENSIVE THEORY RAISED BY THE EVIDENCE, WHETHER SUCH EVIDENCE OR TESTIMONY WAS PRODUCED BY THE PROSECUTION OR THE DEFENSE, REGARDLESS OF WHETHER SUCH EVIDENCE IS STRONG OR WEAK, UNIMPEACHED OR CONTRADICTED, AND REGARDLESS OF WHAT THE TRIAL COURT MAY OR MAY NOT THINK ABOUT THE CREDIBILITY OF THIS EVIDENCE. HAYES v. STATE, 728 S.W.2d 804, 807 (TEX.CRIM.APP.1987). THIS RULE IS DESIGNED TO INSURE THAT THE JURY, NOT THE JUDGE, WILL DECIDE THE RELATIVE CREDIBILITY OF THE EVIDENCE. MILLER v. STATE, 815 S.W.2d 582 (TEX.CRIM.APP.1991). "WHEN A JUDGE REFUSES TO GIVE AN INSTRUCTION ON A DEFENSIVE ISSUE BECAUSE THE EVI-DENCE SUPPORTING IT IS WEAK OR UNBELIEVABLE, HE EFFECTIVELY SUBSTITUTES HIS JUDGMENT ON THE WEIGHT OF THE EVIDENCE FOR THAT OF THE JURY." Id.

BECAUSE THE EVIDENCE VIEWED IN THE LIGHT MOST FAVORABLE TO JONES RAISES THE ISSUE OF SELF-DEFENSE, THE TRIAL COURT ERRED BY DENYING JONES'S REQUEST FOR AN INSTRUCTION ON THIS DEFENSIVE ISSUE.

REVERSAL IS REQUIRED IF APPELLANT SUFFERED "SOME HARM" BECAUSE OF THE DENIAL. OVALLE v. STATE, 13 S.W.3d 774, 786 (TEX.CRIM.APP.2000) (QUOTING ALMANZA v. STATE, 686 S.W.2d 157, 171 (TEX.CRIM.APP.1985)). IF THE CHARGE CONTAINS ERROR, AND THAT ERROR HAS BEEN PROPERLY PRESERVED BY AN OBJECTION OR REQUESTED INSTRUCTION, REVERSAL IS REQUIRED IF THE ERROR IS "CALCULATED TO INJURE THE RIGHTS OF DEFENDANT," MEANING THERE MUST BE SOME HARM. TEX. CRIM. PROC. CODE ANN. ART. 36.19; TREVINO v. STATE, 100 S.W.3d 232, 242 (TEX.

CRIM.APP.2003) (per curium); ALMANZA, 686 S.W.2d @ 171. "UNLESS ALL HARM WAS ABATED, APPELLANT SUFFERED 'SOME' HARM." MILLER, 815 S.W.2d @ 586 n.5.

IN AN ALMANZA HARM ANALYSIS, "BURDENS OF PROOF OR PERSUASION HAVE NO PLACE [.]" WARNER v. STATE, 245 S.W.3d 458, 464 (TEX.CRIM.APP.2008). HARM MUST BE EVALUATED IN LIGHT OF THE COMPLETE JURY CHARGE, THE ARGUMENTS OF COUNSEL, THE ENTIRETY OF THE EVIDENCE, INCLUDING THE CONTESTED ISSUES AND WEIGHT OF THE PROBATIVE EVIDENCE, AND ANY OTHER RELEVANT FACTORS REVEALED BY THE RECORD AS A WHOLE. ALMANZA, 686 S.W.2d @ 171. SEE ALSO ELLISON v. STATE, 86 S.W.3d 226, 228 (TEX.CRIM.APP.2002) (APPLYING ALMANZA HARM ANALYSIS TO JURY-CHARGE ERROR AT THE PUNISHMENT PHASE OF TRIAL).

THE JURY CHARGE GAVE THE JURY THE SOLE OPTION OF FINDING APPELLANT GUILTY OF "ASSAULT CAUSES BODILY INJURY FAMILY ENHANCED." CR 71, 73-74. THE CHARGE INSTRUCTED THE JURY TO FIND APPELLANT GUILTY OF ASSAULT IF THE JURORS BELIEVED BEYOND A REASONABLE DOUBT THAT APPELLANT INTENTIONALLY, KNOWINGLY, OR RECK-LESSLY CAUSE BODILY INJURY TO COMPLAINANT, A PERSON WITH WHOM THE DEFENDANT HAS OR HAS HAD A DATING RELATIONSHIP. CR 73-74. THE CHARGE DID NOT ALLOW THE JURY TO CONSIDER ANY LESSER OFFENSE OR DEFENSIVE ISSUE.

THE RECORD INDICATES THAT APPELLANT'S TRIAL COUNSEL, WITHOUT OBJECTION BY THE STATE, QUESTIONED THE VENIRE DURING VOIR DIRE ON THE ISSUE OF SELF-DEFENSE. 2 RR 71-75.

WHO WAS THE FIRST AGGRESSOR WAS A CONTESTED ISSUE AT TRIAL. EVEN IF CONTROVERTED, THERE WAS EVIDENCE THAT "TIMS" THREW THE FIRST PUNCH AFTER SHE HAD CONFRONTED APPELLANT AND ACCUSED HIM OF CHEATING ON HER. ALTHOUGH THE PROSECUTOR ARGUED THAT THE EVIDENCE [CONTRA]DICTED APPELLANT'S SELF-DEFENSE CLAIM, THIS EVIDENCE LINKING TO, APPELLANT PICKING UP A HAMMER FOR PROTECTION IN DEFENDING HIS-SELF, AT BEST, MAKES THE ISSUE A QUESTION FOR THE JURY TO DECIDE. (FERREL, 55 S.W.3d @ 591).

ALBEIT, AS NOTED - OPINE IN SHAW v. STATE, 243 S.W.3d 647, 657-58 (TEX. CRIM.APP.2007), "[U]NDER §2.03(c) A DEFENSE IS SUPPORTED (OR RAISED) BY THE EVIDENCE [IF] THERE IS SOME EVIDENCE, FROM ANY SOURCE, ON EACH ELEMENT OF THE DEFENSE THAT, IF BELIEVED BY THE JURY, WOULD SUPPORT A RATIONAL - INFER-ENCE THAT ELEMENT IS TRUE.

THEREFORE, IN LIGHT OF THE TRIAL COURT DENYING APPELLANT'S REQUEST FOR AN

8

INSTRUCTION ON SELF-DEFENSE; COUNSEL, AFTER MAKING A "PRIMA FACIE CASE" per QUANTUM OF EVIDENCE NECESSARY ... ; WAS NOT ABLE TO PRESENT THE EVIDENCE -or- [ANY] DEFENSIVE THEORY TO THE JURY FOR JURY CONSIDERATION AND, THUS APPELLANT IN THE LEAST SUFFERED "SOME HARM" IF NOT "EGREGORIOUS HARM" FROM THE COURTS DENIAL OF AN INSTRUCTION ON THE ISSUE OF SELF-DEFENSE STEMMING TO, THE COURT OF APPEALS [IN]CORRECTLY APPLYING THE "RAISED BY THE EVIDENCE" STANDARD ESTABLISHED AND DEFINED BY THE TEXAS LEGISLATURE.

APPELLANT CONTENDS POINT OF ERROR ONE FOR REVIEW SHOULD BE SUSTAINED.

## POINT OF ERROR TWO FOR REVIEW

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION WHEN POLICE OFFICERS HAVE NO PERSONAL KNOWLEDGE OF THE ALLEGED OFFINSE, IT IS REVERSIBLE ERROR TO ALLOW THEM TO TESTIFY THAT DEFENDANT WAS GUILTY OF ASSAULT AND THAT SELF-DEFENSE DID NOT APPLY.

HERE, UNDOUBTEDLY REVIEW SHOULD BE GRANTED BECAUSE OVER DEFENSE OBJEC-TION[S], THE TRIAL COURT ERRONEOUSLY ALLOWED THE STATE TO ELICIT INADMISSIBLE TESTIMONY FROM BOTH STATE AGENT DEPUTY "BEATTY", IN WHOM VOICED HIS **OPINION** AS TO APPELLANT'S GUILT, AND HIS PARTNER, STATE AGENT DEPUTY "WILKERSON'S" OPINE TESTIMONY AS TO IF ... ? APPELLANT WAS ACTING IN SELF-DEFENSE DURING THE ALLEGED COMMISSION OF ASSAULT.

WHY, [EXPLICITLY] THIS POINT OF ERROR DESERVES REVIEW?

THE COURT OF APPEALS MISSED IT CLAIMING OPINE THAT APPELLANT'S [OBJEC-TIONS] TO DEPUTY TESTIMONY WAS INCONSISTENT - NOT VALID UNDER TEX. R. APP. P. 33.1(a) -or- APPLICABLE (ADMISSIONWISE) UNDER TEX. R. EVID. 701, 702.

> [PROSECUTOR]: BASED ON THE EVIDENCE THAT YOU VIEWED, BASED ON WHAT YOU SAW -- PHYSICALLY SAW, WHAT YOU LEARNED FROM THE WITNESSES AND WHAT YOU LEARNED FROM THE HOUSE AND HOW IT LOOKED, IS IT CONSISTENT WITH SOMEONE - DID YOU REACH A CONCLUSION AS TO WHAT HAD OCCURRED?
>
> [BEATTY]: YES. THE CONCLUSION THAT WE CAME TO, per THE --
>
> [DEFENSE COUNSEL]: OBJECTION, JUDGE. THAT IS FOR THE JURY TO DECIDE, NOT THIS OFFICER.
>
> THE COURT: I WILL ALLOW HIM TO ANSWER BASED ON HIS EXPER-ENCE AND TRAINING. YOU MAY ANSWER THE QUESTION.

9

[BEATTY]: YES, MA'AM.

A.    THE CONCLUSION THAT WE CAME TO THAT NIGHT FROM THE
      STATEMENTS WE RECEIVED AND FROM THE PHOTOGRAPHS WAS
      THAT AN ASSAULT HAD OCCURRED AND THAT KERTHINE TIMS
      WAS THE VICTIM.

[PROSECUTOR]: AND WHO DID YOU BELIEVE WAS THE DEFENDANT?

[BEATTY]: LONNIE JONES WAS BELIEVED TO BE THE ACTOR.

3 RR 25.

LATER, 4 RR 50, THE TRIAL COURT, IN ADDITION, ALLOWED DEPUTY "WILKERSON TO TESTIFY OVER APPELLANT'S OBJECTION CONCERNING THAT JONES DID **NOT** ACT IN SELF-DEFENSE,

[PROSECUTOR]: OKAY. BASED ON EVERYTHING YOU OBSERVED AT
THE SCENE, WOULD ANYTHING LEAD YOU TO BELIEVE THAT THE
DEFENDANT WAS ACTING IN SELF-DEFENSE?

[DEFENSE COUNSEL]: OBJECTION. THAT CALLS FOR A LEGAL CON-
CLUSION, YOUR HONOR. HE WASN'T THERE. HE WASN'T PRESENT.
HE SAID HE HAD ALREADY LEFT THE SCENE.

THE COURT: I WILL ALLOW THE ANSWER BASED ON HIS -- NOW
THAT THE ISSUE HAS SOMEWHAT BEEN TRIED TO BE RAISED, I AM
GOING TO ALLOW YOU TO ASK THAT QUESTION. SO GO AHEAD. YOU
MAY ANSWER THE QUESTION.

TO PROPERLY PRESERVE ERROR ON APPEAL, TEX. R. OF APP. PROC. 33.1(a) "IN GENERAL" - AS A PREREQUISITE TO PRESENTING A COMPLAINT FOR APPELLATE REVIEW, THE RECORD MUST SHOW THAT: (1) THE COMPLAINT WAS MADE TO THE TRIAL COURT BY A TIMELY REQUEST, OBJECTION, OR MOTION THAT: (A) STATED THE GROUNDS FOR THE RULING THAT THE COMPLAINING PARTY SOUGHT FROM THE TRIAL COURT WITH SUFFICIENT SPECIFICITY TO MAKE THE TRIAL COURT AWARE OF THE COMPLAINT, UNLESS THE SPECIFIC GROUNDS WERE APPARANT FROM THE CONTEXT; .. .

[OBVIOUS]LY HEREIN, VALID DEFENSE OBJECTIONS WERE MADE (SUPRA) WITH SUFFICIENT SPECIFICITY AND THUS, APPARANT SUCH WAS "PERCEPTABLE" FROM THE CONTEXT .. .

ALTHOUGH, THE TRIAL COURT SPEEDILY INTERVENED - OVERRULING APPELLANT'S OBJECTIONS [ABSENT COUNSEL A CHANCE TO AMPLIFY] - AS NOTED OBJECTIONS WERE NOT A MODEL OF CLARITY; APPELLANT, HOWEVER, ARGUES SAID OBJECTIONS WERE [SUFFIC-IENTLY SPECIFIC] - **ENOUGH** TO INFORM THE TRIAL COURT THAT HE OBJECTED TO DEPUTY "BEATTYS" OPINION IN REGARDS TO "CONCLUSION AS TO WHAT OCCURRED ...?" AND SAME THUS, DEPUTY "WILKERSON'S" OPINE REGARDING A "LEGAL CONCLUSION" AS TO

10

APPELLANT **NOT** ACTING IN SELF-DEFENSE. SEE JAMES v. SATE, 335 S.W.3d 719, 725 (TEX.APP.2011).

ALTHOUGH AND AWHILE BOTH LAY AND EXPERT WITNESS'S CAN OFFER OPINION TESTIMONY. TEX. R. OF EVID. 701 DEALS WITH THE [TRA]DITIONAL WITNESS, ONE WHO "WITNESSED" OR PARTICIPATED IN THE EVENTS THAT ARE THE SUBJECT OF TESTIMONY WHILE RULE 702 ALLOWS FOR A WITNESS WHO IS **NOT** TESTIFYING BASED ON PERSONAL KNOWLEDGE. [TRE 701, 702].

NEITHER "BEATTY NOR WILKERSON" WERE DESIGNATED BY THE STATE AS EXPERT WITNESSES. CR 29. THE FIELDS OF EXPERTISE DESIGNATED BY THE STATE DID NOT ENCOMPASS "BEATTY" AND "WILKERSON'S" OPINION TESTIMONY OR THEIR ALLEGED FIELD OF EXPERTISE, [IF] ANY. CR 29.

THERE WAS NO TESTIMONY THAT "BEATTY" HAD EVER [IN]DEPENDENTLY INVESTIGATED AN ASSUALT FAMILY CASE BEFORE, ONLY THAT HE HAD (ONCE) "OBSERVED A FIELD OFFICER DO AN ASSUALT FAMILY VIOLENCE CASE [.]" 3 RR 11. THE NIGHT OF THE ALLEGED OFFENSE, "BEATTY" WAS STILL BEING TRAINED AND SUPERVISED BY "WILKERSON", "BEATTY'S" FIELD TRAINING OFFICER. 3 RR 12. "BEATTY" HAD ONLY SOME "CLASSROOM ORIENTATION" AT THE POLICE ACADEMY. 3 RR 10. BOTH DEPUTY'S COMBINED **PATROL** EXPERIENCE MERELY ADDED UP TO ONE (1) YEAR. 3 RR 9.

IN DIXON v. STATE, 244 S.W.3d 472, 479 (TEX.APP.-HOUSTON[14thDIST.]-2007, PET. REF'D); WILLIAMS v. STATE, 826 S.W.2d 783, 785 (TEX.APP.1992) AND DAVIS v. STATE, 313 S.W.3d 317, 350 (TEX.CRIM.APP.2010) - THE LAW ENFORCEMENT OFFICERS HAD YEARS OF EXPERIENCES, HAD PERSONALLY INVESTIGATED NUMEROUS CRIMES DIRECTLY RELATED TO THE SUBJECT OF THEIR EXPERT TESTIMONY, AND HAD RECEIVED SPECIALIZED TRAINING [BE]YOND THEIR BASIC POLICE ACADEMY INSTRUCTION.

### HERE IN THE INSTANT NOT SO!

BOTH "BEATTY" AND "WILKERSON" DID NOT HAVE [PERSONAL] KNOWLEDGE OF THE FACTS OR OF APPELLANT'S MENTAL STATE. SEE "SALDANA", 2011 TEX.APP.LEXIS1709. LIKE "SALDANA" - HERE "BEATTYS" OPINION, WHILE ALLEGEDLY BASED ON PHYSICAL EVIDENCE >>COULD<< ONLY HAVE BEEN REACHED BASED ON HEARSAY STATEMENTS FROM THE STATES WITNESSTS. ("AGNES" AND "TIMS").

HERE ONLY FOUR (4) WITNESS'S TESTIFIED, HOWEVER, IT WAS DEPUTY "WILKERSON" AND DEPUTY "BEATTY", TESTIMONY, IN THEIR OPINION ... APPELLANT WAS GUILTY - AND DID NOT ACT IN SELF-DEFENSE.

11

**NOTE:** NEITHER **DEPUTY** WAS PRESENT AT THE SCENE AT THE TIME OF THE OFFENSE. BOTH "TIMS" AND "AGNES" WERE PRESENT - AND NEITHER TESTIFIED THAT APPELLANT WAS GUILTY OF ASSAULT. IN PARTICULAR, "AGNES" TESTIFIED THAT THE COMPLAINANT ("TIMS") WAS THE [FIRST] AGGRESSOR. THUS ... BUT **NOT** FOR DEPUTY "BEATTY" - DEPUTY "WILKERSON" THE JURY WOULD NOT HAVE [HEARD] [EV]IDENCE THAT APPELLANT "JONES" WAS GUILTY OF ASSAULT -or- DID NOT ACT IN SELF-DEFENSE. MOREOVER, THE STATE REFERENCED BOTH DEPUTY OFFICER'S OPINIONS - CONCERNING THE [TRUTH]FULNESS OF THE COMPLAINANT AND "AGNES" ALLEGATIONS - APPELLANT'S GUILT DURING CLOSING ARGUMENT. ASIDE THE OPINE TESTIMONY, THERE REALLY WAS NO COMPELLING EVIDENCE OF APPELLANT'S GUILT. A REVIEW OF THE ENTIRE RECORD SHOWS POINT OF ERROR TWO DID INFLUENCE THE JURY -or- HAD MORE THAN A SLIGHT EFFECT. SEE SOLOMON, 49 S.W.3d 356, 365 (TEX.CRIM.APP.2001).

POINT OF ERROR TWO FOR REVIEW SHOULD BE SUSTAINED.


## POINT OF ERROR THREE FOR REVIEW

THE COURT OF APPEALS REVERSIBLY ERRED AND ABUSED ITS DISCRETION IN OVER-RULING ISSUE THREE WHEN THE CUMULATIVE IMPACT OF THE ABOVE ERRORS WAS SO GREAT THAT REVERSAL IS REQUIRED.

APPELLANT RESPECTFULLY URGES REVIEW ON EAHC - EVERY POINT OF ERROR ABOVE, BUT ALSO URGES THIS COURT TO CONSIDER THE CUMULATIVE IMPACT OF THE ERRORS PRESENT THROUGH OUT "APPELLANT'S" TRIAL ON THE OUTCOME OF THIS CASE. AN ERROR IN A CRIMINAL TRIAL DOES NOT ALWAYS EXIST INDEPENDENTLY OF OTHER ERRORS. WHEN THERE ARE MULTIPLE ERRORS, THIS COURT SHOULD CONSIDER THEIR CUMULATIVE EFFECT, i.e., A NUMBER OF ERRORS MAY BE HARMFUL IN THEIR CUMULATIVE EFFECT. SEE FELDMAN v. STATE, 71 S.W.3d 738, 757 (TEX.CRIM.APP.2002); HUGHES v. STATE, 24 S.W.3d 833, 844 (TEX.CRIM.APP.2000). EACH "DISCRETE" ERROR CAN CREATE, WHEN COMBINED WITH OTHER ERRORS, A "SYNERGISTIC PREJUDICE" AND THEREBY TAINT THE OUTCOME - AS APPELLANT CONTENDS HERE IN THE INSTANT.

THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SECT. 19 OF THE TEXAS CONSTITUTION GUARANTEE CRIMINAL DEFENDANTS THE RIGHT TO A FAIR TRIAL. U.S. CONST. AMEND. XIV; TEX. CONST. ART. I §19. THE DENIAL OF A SELF-DEFENSE INSTRUCTION, THE ERRONEOUS ADMISSION OF OPINION TESTIMONY REGARDING APPELLANT'S GUILT, THE INTRODUCTION OF INADMISSIBLE EVIDENCE AGAINST

12

SELF-DEFENSE, COMBINED TO DENY APPELLANT HIS RIGHT TO A FAIR TRIAL UNDER THE FEDERAL AND TEXAS CONSTITUTIONS. THUS ERRORS - MUST CUMULATIVELY, AS WELL AS INDIVIDUALLY, IMPACTED APPELLANT'S RIGHT TO A FAIR TRIAL, THEREFORE THE CONVICTION IN THIS CASE MUST BE REVERSED. [TEX. R. APP. P. 44.2(b)].

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** APPELLANT PRAYS THAT THIS COURT GRANT REVIEW -and/or- ANY OTHER RELIEF TO WHICH MAY BE APPROPRIATE.

RESPECTFULLY SUBMITTED,

X _Lonnie Jones_

LONNIE JAMES JONES Jr.
T.D.C.J. # 1889803
(PRO SE)

13

# – APPENDIX –

APPX. A (ONLY)
TOTALING 12 pages

**APPENDIX   A**

TOTALING 12 pages

**–  OPINION  –**

COURT OF APPEALS
NINTH (9th) DISTRICT OF BEAUMONT

NO. 09-13-00459-CR

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00459-CR
_____

LONNIE JAMES JONES JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-03-03256 CR

## MEMORANDUM OPINION

Lonnie James Jones Jr. appeals from a judgment following a jury trial in which the jury found him guilty of assaulting a family member, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2014)[1] (elevating an assault to a third-degree felony if committed against a victim with whom the defendant has or has had a dating relationship); *see also* Tex. Fam. Code Ann. §

---

[1]We cite to the current version of the statute, as the subsequent amendment does not affect the outcome of this appeal.

1

71.0021(b) (West 2014) (defining dating relationship as a relationship with a person with whom the defendant has or has had a continuing relationship of a romantic nature). In his first two issues, Jones complains that the trial court refused his request to instruct the jury on his claim of self-defense, and that the trial court erred by admitting the testimony of the two investigating officers who expressed their opinions about the investigation into the reported assault. In a third issue, Jones suggests the cumulative impact of the trial court's errors requires another trial.

Based on our review, we conclude that no evidence was before the jury in Jones' trial to demonstrate that he was acting in self-defense when the altercation occurred. Given the lack of evidence before the jury on Jones' claim of self-defense, we hold that the trial court did not err in refusing his request to instruct the jury on self-defense. With respect to Jones' complaints about the testimony of the officers investigating the assault, we conclude he failed to properly preserve error regarding the testimony of one of the officers, and we conclude that the error in admitting the testimony of the other officer was harmless. Regarding Jones' third issue, we hold that Jones has not shown that multiple errors occurred.

2

## Self-defense

The jury convicted Jones of assaulting his girlfriend, Karen.[2] In issue one, Jones complains the trial court refused to submit an instruction to the jury on his claim of self-defense. Under Texas law, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (West 2011).

According to the State, Jones failed to produce any evidence during the trial to prove that he thought the force used on Karen was immediately necessary for his protection. We note that Jones did not testify during the guilt-innocence phase of the trial. There were only two other eyewitnesses to the altercation, Karen and Jones' mother, both of whom testified during the trial.

Reviewing a trial court's refusal to submit a claim of self-defense requires an appellate court to review the evidence admitted during trial under a standard that requires evidence on the defensive issue to be reviewed in the light most favorable to the defendant. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App.

---

[2]Karen is a pseudonym for the name of the person who Jones assaulted. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"). During the trial, Karen explained that she was no longer in a relationship with Jones.

3

2001). When the defendant has not testified, the record must contain some evidence to show that at the time of the assault, "the defendant was in some apprehension or fear of being the recipient of the unlawful use of force[.]" *Smith v. State*, 676 S.W.2d 584, 585 (Tex. Crim. App. 1984).

Two witnesses, Karen and Jones' mother, gave the jury conflicting accounts about the events that led to the altercation between Jones and Karen. According to Karen, she and Jones went to Jones' mother's house. Jones told Karen to wait in the car while he went into the house; however, Karen entered the house a short time after Jones and found Jones arguing with his mother. According to Karen, when she attempted to calm Jones down, Jones pushed her to the floor and struck her in the head. When this testimony is viewed in the light most favorable to Jones, Karen's testimony does not indicate that Jones acted in self-defense.

Jones' mother gave the jury an entirely different account of the events. According to Jones' mother, she and Karen were at the house when Jones arrived. At that point, Karen and Jones began arguing when Karen accused him of dating others. According to Jones' Mother, Jones did nothing wrong before Karen "pushed him in the face." When this testimony is reviewed in the light most favorable to Jones, it too fails to provide the jury with any information that would allow the jury to reasonably infer that Jones acted out of fear after Karen pushed

4

him, nor does her testimony provide any information that would allow the jury to reasonably infer that Jones thought the force he used in response to Karen's push was reasonably necessary to protect himself against the force that Jones' mother claimed Karen had used on him.

While a defendant is not necessarily required to testify to raise an issue of self-defense, there must be some evidence before the jury to allow the jury to reasonably infer that the defendant was acting out of the fear that if he did not act, he would be the recipient of the other's unlawful use of force. *Smith*, 676 S.W.2d at 585. None of the testimony before the jury raises an inference indicating that Jones, during the altercation, had acted based on his fear that Karen was about to strike him.

We conclude that the trial court did not err in rejecting Jones' request for an instruction on his claim of self-defense. *See* Tex. Penal Code Ann. § 2.03(c) (West 2011) ("The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense."); *Reed v. State*, 703 S.W.2d 380, 382, 384 (Tex. App.—Dallas 1986, pet. ref'd) (rejecting the defendant's argument that the trial court was required to instruct the jury on the defendant's claim of self-defense where he did not testify and none of the other testimony allowed the jury

5

to infer what the defendant believed when he decided to shoot the victim). We overrule issue one.

## Opinion Testimony of the Investigating Officers

In issue two, Jones complains that the trial court committed reversible error by allowing the police officers to state the opinions they reached from their investigation into the alleged assault. Deputy Beatty and Deputy Wilkerson, employees of the Montgomery County Sheriff's Office, investigated the incident the night it occurred. Deputy Beatty testified that based on the investigation, he concluded that Jones assaulted Karen. Deputy Wilkerson, the other investigating officer, testified that based on what he saw at the scene, nothing led him to believe that Jones was responding to an attack.

Generally, nonconstitutional errors in admitting or excluding evidence in a criminal case must be disregarded unless the error affects a defendant's substantial rights. Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776 (1946)). Nonetheless, an error does not affect a substantial right if the appellate court reviewing the case has "'fair assurance that the error did not influence the jury, or had but a slight effect.'" *Solomon v. State*, 49 S.W.3d

6

356, 364-65 (Tex. Crim. App. 2001) (quoting *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000)) (applying nonconstitutional harm analysis to the admission of testimony that it characterized as lay opinion). In determining the effect of the erroneous admission of evidence on a jury's verdict, we review the record as a whole, the nature of the evidence supporting the verdict, the character of the alleged error, and how the jury might have considered the inadmissible evidence in connection with the other evidence admitted in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory, any defensive theories, whether the State emphasized the error, closing arguments, and voir dire, if voir dire is relevant to the evidence that is the subject of the defendant's complaint. *Id.* at 355-56.

On appeal, Jones argues that the testimony of Deputy Beatty was inadmissible because he lacked personal knowledge of the altercation and he was not properly qualified to express an opinion about the assault. According to Jones, Deputy Beatty's opinion was inadmissible under Rules 701 or 702 of the Texas Rules of Evidence. *See* Tex. R. Evid. 701 (admissibility of the opinions of lay witnesses); Tex. R. Evid. 702 (admissibility of the opinions of experts).

However, Jones did not object that the opinion of Deputy Beatty was inadmissible under Rules 701 or 702, nor did he claim at trial that Deputy Beatty's

7

opinion was not admissible as expert testimony. Instead, Jones objected to Deputy Beatty's testimony on the basis that the prosecutor's question asked the deputy to express an opinion about a matter that the jury was to be asked to decide. On appeal, Jones argues that Deputy Beatty's opinion was not properly admissible under the Rules of Evidence that govern opinion testimony, Rules 701 and 702. In our opinion, Jones' trial objection is inconsistent with the reasons he contends the testimony was inadmissible on appeal.

To preserve error on appeal, Rule 33.1 of the Texas Rules of Appellate Procedure requires that to preserve a complaint for review on appeal, a party must make the trial court aware of the basis on which he is entitled to the relief he is requesting during the trial. Tex. R. App. P. 33.1(a). Based on the objection that Jones made to Officer Beatty's testimony, the trial court would not have been aware of Jones' claim that the testimony was not admissible as opinion testimony. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992))).

Jones also complains that the trial court erred by allowing Deputy Wilkerson to testify that he saw nothing at the scene that led him to believe that Jones was responding to Karen's attack. Jones objected to this testimony on the basis that Deputy Wilkerson was not there, was not present, and that Jones left the scene before the officers arrived. Although Jones did not specifically state that the question called for Deputy Wilkerson to express an opinion that he was not qualified to express, his objection was sufficient, in the context of the question that was asked, to alert the trial court to Jones' complaint that Deputy Wilkerson was not qualified to express an opinion because he was not present when the altercation occurred. *See* Tex. R. App. P. 33.1(a)(1)(A).

With respect to Deputy Wilkerson's opinion, the record does not show that the State attempted to qualify Deputy Wilkerson as an expert on self-defense. Therefore, with respect to the testimony at issue, we conclude that the State was attempting to get testimony into evidence as lay witness testimony, not as expert testimony. *See* Tex. R. Evid. 701, 702.

The testimony the trial court admitted, however, is not admissible as lay opinion. A lay witness may testify to his perception of an event if he personally observed or experienced the event. The testimony of a witness who personally observed an event may include the witness's opinions about the event, as long as

9

the opinion was drawn from the witness's experiences or observations. *See Williams v. State*, 402 S.W.3d 425, 436 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

In this case, Deputy Wilkerson was not present at the scene when the altercation between Karen and Jones occurred. Even though Deputy Wilkerson's lay opinion should have been excluded, the opinion addresses Jones' claim of self-defense, a defense that was not relevant to the trial.

Even if Deputy Wilkerson's opinion also suggests that Jones assaulted Karen, Deputy Beatty's opinion that Jones assaulted Karen was already before the jury. Generally, when testimony that should not have been admitted is cumulative of testimony that was admitted without objection, the error is harmless. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (noting that "[i]nadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove"); *Barrera v. State*, 10 S.W.3d 743, 746-47 (Tex. App.—Corpus Christi 2000, no pet.) (applying the rule stated in *Anderson* to a case where the defendant complained of one officer's testimony about the defendant's claim of self-defense when another officer testified, without objection, that the police report did not contain any allegation claiming the defendant had acted in self-defense). In

10

this case, Jones did not lodge a valid objection to Deputy Beatty's opinion indicating that the investigation showed that Jones had committed an assault. We have previously concluded that the trial court did not err in overruling the objection Jones made to Deputy Beatty's testimony.

Considering the nature of the evidence supporting the verdict, we have fair assurance that Deputy Wilkerson's opinion did not influence the jury's verdict. *See Solomon*, 49 S.W.3d at 365. The exculpatory evidence before the jury, the testimony of Jones' mother, may have been given little weight because the evidence before the jury includes the 911 call that Jones' mother made to the police seeking assistance after the altercation occurred. In the 911 call, Jones' mother stated that Jones had assaulted his girlfriend and used his fists to hurt her. The jury also saw photographs depicting Karen's injuries. During final argument, the prosecutor did not refer to Deputy Wilkerson's opinion to support his argument that Jones should be found guilty.

Having carefully reviewed the evidence as a whole, and considering the arguments presented to the jury in closing, we conclude that the admission of Deputy Wilkerson's opinion, although error, was harmless. *See* Tex. R. App. P. 44.2(b). We overrule issue two.

## Cumulative Error

In issue three, Jones argues that the cumulative impact of the trial court's errors was so great that his conviction should be reversed. However, we have found in Jones' favor solely on his claim that the trial court erred by admitting the opinion expressed by Deputy Wilkerson, and we have explained that the admission of Deputy Wilkerson's opinion, in the context of all of the evidence admitted during Jones' trial, was harmless. Because Jones has shown the trial court committed only one error during the trial, the error is not cumulative of others. We overrule issue three, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered June 24, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

12

## CERTIFICATE OF SERVICE

I, LONNIE JAMES JONES Jr. T.D.C.J. # 1889803, PRESENTLY CONFINED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - C.I.D. AT THE H.H. COFFIELD UNIT IN ANDERSON COUNTY, DECLARE UNDER THE PENALTY OF PERJURY AND CERTIFY THAT A TRUE AND CORRECT COPY (TOTALING 13 pages) OF THE ENCLOSED INSTRUMENT, APPELLANT'S PETITION FOR DISCRETIONARY REVIEW, WAS PLACED IN THE PRISON LEGAL MAILING SYSTEM ON SEPTEMBER 21, 2015, TO FORWARD via U.S.P.S. FIRST CLASS POSTAGE TO: 1.) TEXAS COURT OF CRIMINAL APPEALS, ATTN: "ABEL ACOSTA" (CLERK), P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711-2308; AND 2.) COUNSEL FOR THE STATE, MONTGOMERY COUNTY, TEXAS, 207 W. PHILLIPS, 2nd FLOOR, CONROE, TEXAS 77301.

X _Lonnie Jones_

LONNIE JAMES JONES Jr.
T.D.C.J. # 1889803
H.H. COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS
75884-5000

## UNSWORN DECLARATION

I, LONNIE JAMES JONES Jr., AM THE PETITIONER AND BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - C.I.D., DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE ABOVE AND FOREGOING ARE TRUE AND CORRECT.

SINGED ON SEPTEMBER 21, 2015.

X _Lonnie Jones_

LONNIE JAMES JONES Jr.
T.D.C.J. # 1889803
(PRO SE)

14

RONNIE J. JONES JR.

DCJ # 1889803

COFFIELD UNIT

2661 FM 2054

TENN. Colony, TX.

75884-5000

PD-0953-15

TEXAS COURT OF CRIMINAL APPEALS

Att: CLERK (ABEL ACOSTA)

P.O. BOX 12308 Capitol Station

AUSTIN, TEXAS

78711-2308